# 13-_____

# United States Court of Appeals

*for the*

# Second Circuit

FOX SEARCHLIGHT PICTURES, INC.,
FOX ENTERTAINMENT GROUP, INC.,

*Petitioners,*

– v. –

ERIC GLATT, on behalf of himself and all others similarly situated,
ALEXANDER FOOTMAN, on behalf of himself and all others similarly situated,
EDEN M. ANTALIK, KANENE GRATTS, on behalf of themselves and all
others similarly situated, BRIAN NICHOLS, DAVID B. STEVENSON,

*Respondents.*

ON PETITION FOR PERMISSION TO APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND FED. R. APP. 5(a)

ELISE M. BLOOM
MARK D. HARRIS
AMY F. MELICAN
PROSKAUER ROSE LLP
*Attorneys for Petitioners*
11 Times Square
New York, New York 10036
(212) 969-3000

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, undersigned counsel state as follows:

1. The parent companies of Petitioner Fox Searchlight Pictures, Inc. are Fox Entertainment Group, Inc. and News Corporation. News Corporation is a publicly traded corporation.

2. The parent company of Petitioner Fox Entertainment Group, Inc. is News Corporation, which is a publicly traded corporation.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................iii

INTRODUCTION ............................................................................1

QUESTIONS PRESENTED FOR REVIEW ..............................................4

FACTUAL AND PROCEDURAL BACKGROUND ...................................4

A.    The Trainee /Intern Exception To The FLSA......................................4

B.    Proceedings Below .................................................................6

C.    The Section 1292(b) Request To The District Court .........................8

STANDARD FOR GRANTING REVIEW ..............................................10

ARGUMENT ................................................................................10

I.    THE CERTIFICATION ORDER MERITS REVIEW BECAUSE THERE IS
      A DEEP CONFLICT ABOUT THE TEST FOR DECIDING WHETHER AN
      INTERN EVER QUALIFIES AS AN EMPLOYEE ...........................11

      A.    Whether An Intern Should Be Deemed An Employee For FLSA
            Purposes Is The "Primary Issue" In This Case .........................11

      B.    Courts Have Announced Inconsistent Standards For The Intern Test,
            Even In The Very Same District .........................................12

      C.    An Immediate Appeal Will Advance The Ultimate Termination Of
            This Litigation And Promote Judicial Economy ......................15

II.   THE STANDARD FOR POST-DISCOVERY FLSA CERTIFICATION
      WARRANTS IMMEDIATE REVIEW..........................................16

      A.    The Legal Standard That Applies To Post-Discovery FLSA
            Certification Is A Controlling Question Of Law ......................16

i

B.    This Court Has Not Yet Resolved The Standard For Certification Of An FLSA Collective Action, And The Courts Have Applied Highly Dissimilar Tests ........................................................................................................... 18

C.    An Immediate Appeal Will Advance The Termination Of The Litigation ............................................................................................................... 20

CONCLUSION .............................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Atkins v. General Motors Corp.*,
701 F.2d 1124 (5th Cir. 1983) ............................................................3

*Ballinger v. Advance Magazine Publishers, Inc.*,
No. 13-cv-4036 (S.D.N.Y., filed June 13, 2013)................................4

*Blair v. Wills*,
420 F.3d 823 (8th Cir. 2005) ......................................................2, 13

*Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*,
368 F.3d 86 (2d Cir. 2004) ......................................................10, 16

*Cano v. DPNY, Inc.*,
287 F.R.D. 251 (S.D.N.Y. 2012) ......................................................4

*Davenport v. Elite Model Mgmt. Corp.*,
No. 13-cv-1061 (S.D.N.Y., filed Feb. 15, 2013) ................................3

*Deposit Guar. Nat'l Bank v. Roper*,
445 U.S. 326 (1980)........................................................................17

*Espenscheid v. DirectSat USA, LLC*,
705 F.3d 770 (7th Cir. 2013) ..........................................................18

*Fields v. Sony Corp. of Am.*,
No. 157200/2013 (S. Ct. N.Y. Cty., filed Aug. 6, 2013)....................3

*Fox Searchlight Pictures Inc. v. Glatt*
(No. 13-2467-cv) ..............................................................................7

*Fraticelli et al. v. MSG Holdings LP et al.*,
No. 13-cv-06518 (S.D.N.Y., filed Sept. 16, 2013)............................3

*Glatt v. Fox Searchlight Pictures Inc.*,
No. 11-cv-6784, Dkt. No. 191 ..........................................................7

*Glatt v. Fox Searchlight Pictures Inc.*,
No. 11-cv-6784 WHP, 2013 WL 2495140 (S.D.N.Y. June 11, 2013)........passim

*Grant v. Warner Music Grp. Corp.*,
   No. 13-cv-4449 (S.D.N.Y., filed June 27, 2013)..................................................3

*Hicks v. Crook Bros. Prods., Inc.*,
   No. 13-cv-4472 (S.D.N.Y., filed June 27, 2013)..................................................3

*Kaplan v. Code Blue Billing & Coding Inc.*,
   504 F. App'x 831 (11th Cir. 2013), *petition for cert. filed* (U.S. Aug. 7,
   2013) (No. 13-179) ....................................................................................12, 13

*Klinghoffer v. S.N.C. Achile Lauro*,
   921 F.2d 21 (2d Cir. 1990) ..................................................................11, 12, 18

*Kozik v. Hamilton College*,
   No. 12-cv-1870 (N.D.N.Y., filed Dec. 20, 2012)...............................................3

*Mackown v. News Corp.*,
   No. 13-cv-4406 (S.D.N.Y., filed June 25, 2013)..................................................3

*Mark v. Gawker Media LLC*,
   No. 13-cv-4347 (S.D.N.Y., filed June 21, 2013)..................................................3

*Mayer v. 21C Media Grp., Inc.*,
   No. 13-cv-4369 (S.D.N.Y., filed June 24, 2013)..................................................3

*McClean v. Health Sys.*,
   No. 11-cv-03037, 2011 WL 6153091 (W.D. Mo. Dec. 12, 2011) ....................19

*McLaughlin v. Ensley*,
   877 F.2d 1207 (4th Cir. 1989) .......................................................................2, 13

*Moore v. NBCUniversal, Inc.*,
   No. 13-cv-4634 (S.D.N.Y., filed July 13, 2013) .................................................3

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) .........................................................................8, 18

*Perkins v. S. New Engl. Tel. Co.*,
   669 F. Supp. 2d 212 (D. Conn. 2009)................................................................19

*Poff v. Portela Law Firm, P.C.*,
   No. 13-cv-1317 (E.D.N.Y., filed Mar. 13, 2013) ...............................................3

*Reich v. Parker Fire Prot. Dist.*,
   992 F.2d 1023 (10th Cir. 1993) ........................................................................13

*Ret. Bd. of Policemen's Annuity Fund & Benefit Fund v. Bank of N.Y. Mellon*,
   No. 11-cv-5459, 2013 WL 593766 (S.D.N.Y. Feb. 14, 2013) ...........................11

*Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*,
   585 F.3d 58 (2d Cir. 2009) ...................................................................10, 14, 18

*Smith v. Donna Karan Int'l Inc. & Donna Karan Studio LLC*,
   No. 157912/2013 (S. Ct. N.Y. Cty., filed Aug. 28, 2013)....................................3

*Solis v. Laurelbrook Sanitarium & Sch., Inc.*,
   642 F.3d 518 (6th Cir. 2011) ........................................................................2, 13

*Sperry Rand Corp. v. Larson*,
   554 F.2d 868 (8th Cir. 1977) ............................................................................17

*Torres v. Gristedes Operating Corp.*,
   No. 04-cv-3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006)....................8, 19

*Velez v. Sanchez*,
   693 F.3d 308 (2d Cir. 2012) .......................................................................14, 15

*Walling v. Portland Terminal Co.*,
   330 U.S. 148 (1947)........................................................................................4, 5

*Wang v. Hearst Corp.*,
   (No. 13-2616-cv) ..................................................................................9, 10, 11

*Wang v. Hearst Corp.*,
   No. 12-cv-793, 2013 WL 3326650 (S.D.N.Y. June 27, 2013)......................9, 12

*Wang v. Hearst Corp.*,
   No. 12-cv-793 HB, 2013 WL 1903787 (S.D.N.Y. May 8, 2013) .................2, 14

*Zavala v. Wal-Mart Stores Inc.*,
   691 F.3d 527 (3d Cir. 2012) .............................................................................18

STATUTES

28 U.S.C. § 216(b) ...................................................................................6

28 U.S.C. § 1292(b) ...........................................................................passim

29 U.S.C. § 203(e)(1).............................................................................4

29 U.S.C. § 203(g) ..................................................................................4

Fair Labor Standards Act ("FLSA") .................................................passim

New York Labor Law ("NYLL") .......................................................passim

OTHER AUTHORITIES

American Bar Association (Letter from DOL to ABA of 9/12/13) .........................5

Fed. R. Civ. P. 23 ...............................................................................passim

Fed. R. Civ. P. 23(f) ...........................................................................7, 17

U.S. Dep't of Labor, Fact Sheet # 71: Internship Programs Under The Fair
  Labor Standards Act ("Fact Sheet") .................................................5

# **INTRODUCTION**

This petition involves an issue of first impression in this Circuit: the proper standard for determining whether unpaid interns qualify as "employees" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Two district courts in the Southern District of New York have recently come to vastly different conclusions. The determination of the proper standard will dictate the outcome of all critical stages of this litigation, including the propriety of class certification and the resolution on the merits.

In this case, one former unpaid intern in Defendant Fox Searchlight Pictures, Inc.'s ("Searchlight") New York-based corporate offices and two former unpaid interns on the Searchlight-financed and -distributed film *Black Swan* claim they were "employees" under the FLSA and NYLL, and entitled to minimum wages. Adopting a rigid legal standard that no other court in the country has endorsed, the Honorable William Pauley in the district court below held that the plaintiffs could qualify as "employees," certified class and collective actions against Searchlight and its parent corporation, Defendant Fox Entertainment Group, Inc. ("FEG"), and granted summary judgment in favor of the two *Black Swan* interns. *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-cv-6784 WHP, 2013 WL 2495140 (S.D.N.Y. June 11, 2013) (hereinafter "Collective Order").

Only weeks earlier, however, the Honorable Harold Baer in the same district court adopted a *different* legal standard that led him to precisely the *opposite* conclusion.  In that case, Judge Baer denied class certification and summary judgment to a putative class of unpaid interns at magazines owned by the Hearst Corporation.  *Wang v. Hearst Corp.*, No. 12-cv-793 HB, 2013 WL 1903787 (S.D.N.Y. May 8, 2013) (hereinafter "*Hearst I*").

At the center of the district courts' disagreement is the U.S. Department of Labor's "Fact Sheet" on internship programs.  By its very terms, the Fact Sheet is *not* an official statement of the DOL's position on the standard for determining whether interns are employees.  Instead, it offers six factors to help guide employers in that determination.  Judge Pauley's decision relied on the six factors to the exclusion of all other facts and circumstances. By contrast, Judge Baer's decision undertook a "totality of the circumstances" analysis, in which a key factor was who was the "primary beneficiary" of the internship.  The Circuits are likewise split on this issue.  *See, e.g., Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 525 (6th Cir. 2011) (rejecting the DOL factors as a "poor method"); *accord Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005) (noting that the work performed was primarily for the students' benefit); *McLaughlin v. Ensley*, 877 F.2d 1207, 1209 (4th Cir. 1989) (considering "whether the employee or the employer is

2

the primary beneficiary of the trainees' labor"); *conflicting with Atkins v. General Motors Corp.*, 701 F.2d 1124, 1127-28 (5th Cir. 1983) (following the DOL test).

Despite their disagreement over this question, Judge Pauley and Judge Baer agree on one thing:  they had decided controlling questions of law as to which there was substantial ground for difference of opinion.  Both judges acknowledged that an immediate appeal of their respective orders would materially advance the ultimate termination of their litigations, certifying their respective orders for interlocutory appeal to this Court.  Both judges are right that 28 U.S.C. § 1292(b) certification is warranted.

There are currently more than a *dozen* cases pending before New York State and federal courts contending with this same legal question.[1]  As stated above, this

---

[1] In addition to the present case and *Hearst*, the other intern cases include *Poff v. Portela Law Firm, P.C.*, No. 13-cv-1317 (E.D.N.Y., filed Mar. 13, 2013); *Davenport v. Elite Model Mgmt. Corp.*, No. 13-cv-1061 (S.D.N.Y., filed Feb. 15, 2013); and *Kozik v. Hamilton College*, No. 12-cv-1870 (N.D.N.Y., filed Dec. 20, 2012).  Following the decision in this case, at least ten additional cases have been filed, including *Fraticelli et al. v. MSG Holdings LP et al.*, No. 13-cv-06518 (S.D.N.Y., filed Sept. 16, 2013); *Smith v. Donna Karan Int'l Inc. & Donna Karan Studio LLC*, No. 157912/2013 (S. Ct. N.Y. Cty., filed Aug. 28, 2013); *Fields v. Sony Corp. of Am.*, No. 157200/2013 (S. Ct. N.Y. Cty., filed Aug. 6, 2013); *Moore v. NBCUniversal, Inc.*, No. 13-cv-4634 (S.D.N.Y., filed July 13, 2013); *Hicks v. Crook Bros. Prods., Inc.*, No. 13-cv-4472 (S.D.N.Y., filed June 27, 2013); *Grant v. Warner Music Grp. Corp.*, No. 13-cv-4449 (S.D.N.Y., filed June 27, 2013); *Mackown v. News Corp.*, No. 13-cv-4406 (S.D.N.Y., filed June 25, 2013); *Mayer v. 21C Media Grp., Inc.*, No. 13-cv-4369 (S.D.N.Y., filed June 24, 2013); *Mark v. Gawker Media LLC*, No. 13-cv-4347 (S.D.N.Y., filed June 21, 2013); and

3

Court has not yet decided the issue, and other circuits are split.  For all these

reasons and those stated below, this Court should grant the petition and resolve the

questions presented for review.

## QUESTIONS PRESENTED FOR REVIEW

1.    What is the appropriate legal standard for determining whether an

unpaid intern qualifies as an "employee" under the FLSA?

2.    What is the appropriate legal standard for post-discovery certification

of an FLSA collective?

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Trainee/Intern Exception To The FLSA

The FLSA defines the term "employ" as "to suffer or permit to work," and

the term "employee" as "any individual employed by an employer."  29 U.S.C.

§§ 203(e)(1), 203(g).[2]  In *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947),

the Supreme Court held that certain "trainees" are not subject to the FLSA's

minimum-wage provisions because "[t]he definition 'suffer or permit to work' was

obviously not intended to stamp all persons as employees who, without any

express or implied compensation agreement, might work for their own advantage

---

*Ballinger v. Advance Magazine Publishers, Inc.*, No. 13-cv-4036 (S.D.N.Y., filed June 13, 2013).

[2] The NYLL tracks essentially the same definitions.  *See Cano v. DPNY, Inc.*, 287 F.R.D. 251, 260 (S.D.N.Y. 2012).

on the premises of another." *Id.* at 152.  The Supreme Court, however, did not articulate a bright-line rule for determining when a trainee was exempt from the FLSA's minimum-wage provisions.

In April 2010, the DOL published its Fact Sheet containing "general information to help determine whether interns must be paid the minimum wage and overtime."  (*U.S. Dep't of Labor, Fact Sheet # 71: Internship Programs Under The Fair Labor Standards Act* ("Fact Sheet"), at A50-51.)  The Fact Sheet states that such a determination depends upon "all of the facts and circumstances" of the training or internship program, setting forth six factors[3] that should be considered.  (*Id.*)[4]  The Fact Sheet expressly notes that the publication should "not be considered in the same light as official statements of position" by the DOL.  (*Id.*)

---

[3] The factors are: (1) the internship, even though it includes actual operation of the facilities of the employer, is similar to training which would be given in an educational environment; (2) the internship experience is for the benefit of the intern; (3) the intern does not displace regular employees, but works under close supervision of existing staff; (4) the employer that provides the training derives no immediate advantage from the activities of the intern; and on occasion its operations may actually be impeded; (5) the intern is not necessarily entitled to a job at the conclusion of the internship; and (6) the employee and the intern understand that the intern is not entitled to wages for the time spent in the internship.  (*Id.*)

[4] The DOL recently confirmed that "all of the facts and circumstances" of an internship program must be considered in a September 12, 2013 response it issued on this subject to the American Bar Association.  (Letter from DOL to ABA of 9/12/13, at A90-92.)

## B.    Proceedings Below

Plaintiff Eden Antalik was an unpaid student intern in the East Coast Publicity Department of Fox Searchlight Pictures for four months in 2009. (Pl.'s Mem. at A61.) Approximately three years later, she joined a putative class action lawsuit against Searchlight and FEG (collectively referred to as "Fox"), claiming that she was denied minimum wages and overtime pay in violation of the FLSA and NYLL. Antalik alleged that her internship duties included administrative tasks, running errands, conducting online research, sending mailings, and making travel arrangements. (Antalik Dep Tr. at A94, 96-99, 100-118, 120-122.) She claimed she was never "taught" or given "guidance" by her immediate supervisor. (*Id.* at A95, 119.) Following the close of discovery, Antalik sought certification of a collective action for the FLSA claims under 28 U.S.C. § 216(b), and a class action for the NYLL claims under Fed. R. Civ. P. 23. In an order entered on June 11, 2013, the district court granted both motions.[5] (Collective Order at A26, 34, 35.)

---

[5] The court also granted summary judgment in favor of Glatt and Footman, who commenced this action seeking to certify a class of production interns. However, at the motion stage, they opted not to seek class certification, but rather only summary judgment on their respective behalves. (Collective Order at A2.)

The district court's ruling in favor of Glatt and Footman turns on the same legal issue presented in this petition; *i.e.*, the appropriate legal standard for determining whether unpaid interns are "employees." That ruling is internally inconsistent: the district court found that the evidence of educational value was inconclusive for Glatt but strong for Footman, even though both interned in the same office. (*Id.* at

The district court first decided that the appropriate test for determining whether a student intern must be compensated is the DOL's non-binding six-factor test.  (*Id.* at A22.)  While acknowledging that "a number of other circuits have adopted the 'primary benefit' test Defendants advocated here," the court nonetheless declined to do so, labeling that test "subjective and unpredictable." (*Id*. at A22.)

The court then decided that the FLSA standard for certification of the collective and the Rule 23 standard for certification of the NYLL class had been met.[6]  Because this Court has "not yet provided clear guidance" on the standard for

---

A23.)  The district court did not explain how it was possible for both to be deemed employees as a matter of law under the rigid legal standard it adopted where (as it admitted) the balance of factors was different for both of them.  (*Id.*)

Though this petition primarily focuses on the FLSA collective that the district court certified, in the event this Court articulates a legal standard different than that adopted by the district court, the individual summary judgment rulings in favor of Glatt and Footman will also be affected and likely have to be reversed.  *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-cv-6784, Dkt. No. 191 (S.D.N.Y. Sept. 17, 2013 (hereinafter "Certification Order").

[6] On June 25, 2013, Fox submitted a petition to this Court under Fed. R. Civ. P. 23(f) seeking immediate review of the district court's class certification decision, which remains pending.  *See* Pet. for Permission to Appeal, *Fox Searchlight Pictures Inc. v. Glatt* (No. 13-2467-cv).  In that petition, Fox primarily argued that the district court erred in finding that the commonality and predominance requirements of Rule 23 were met, given the vast dissimilarities in the duties and responsibilities of class members who interned in different divisions of Searchlight and at different FEG subsidiaries.  However, Fox also explained that the district court's definition of the intern test was erroneous and required this Court's immediate review; this petition expands upon that argument and provides yet another basis upon which the district court's order must be reversed.

certification of a collective action under the FLSA, *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010), the district court turned to three factors identified in an unpublished district court decision, namely (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant that appeared to be individual to each plaintiff; and (3) fairness and procedural considerations. (Collective Order at A29) (*citing Torres v. Gristedes Operating Corp.*, No. 04-cv-3316, 2006 WL 2819730, at *9 (S.D.N.Y. Sept. 29, 2006)). Its analysis from there left much to be desired. After acknowledging that the first factor weighed *against* certification, it proceeded to blend in concepts borrowed from Rule 23 when it evaluated the second factor and held that common issues of liability "predominate[d]" over individual issues and defenses. (*Id.*) It continued that trend in the third factor, holding that "fairness" and "procedural considerations" – which it did not define – made a collective action superior to any other mechanism. (*Id.*)

## C. The Section 1292(b) Request To The District Court

Fox sought interlocutory review of the district court's Collective Order, explaining that it raised two controlling questions of law as to which substantial differences of opinion exist and whose resolution would facilitate the termination of this matter and others pending in this Circuit. The district court certified the Collective Order for appeal (*i.e.* the "Certification Order").

8

Specifically, Judge Pauley agreed with Judge Baer's Section 1292(b) certification decision in *Hearst*, holding that the intern test is a controlling question of law because it is the "primary issue" that governs this case and affects every aspect of the proceedings.  (Certification Order at 4.)  He also recognized that there was "clearly" a dispute as to the correct standard.  (*Id*. at 4.)  Judge Baer, too, noted that "[d]espite careful analysis," the two courts had "reached very different results."  *Wang v. Hearst Corp.*, No. 12-cv-793, 2013 WL 3326650, at *6 (S.D.N.Y. June 27, 2013) (hereinafter "*Hearst II*").[7]  Both judges likewise agreed that resolution of the issue by this Court will materially advance the respective litigations.  *Id.*; (Certification Order at 5.)

With respect to the standard for post-discovery certification of an FLSA collective action, however, Judge Pauley concluded otherwise.  The court held that interlocutory review would not advance the ultimate termination of the litigation because it had already ruled that Antalik satisfied the more stringent procedural requirements for class certification under Rule 23.  (Certification Order at 5-6.)  Significantly, though, the court did not deny that Section 1292(b)'s other requirements – a controlling question of law and substantial ground for differences of opinion – had been satisfied by Fox.  (*Id.*)

---

[7] The Section 1292(b) petition in *Hearst* remains pending before this Court, too. *See* Pet. for Permission to Appeal, *Wang v. Hearst Corp.*, (No. 13-2616-cv).

9

## STANDARD FOR GRANTING REVIEW

Under 28 U.S.C. § 1292(b), this Court has discretion to permit an interlocutory appeal from the order of a district court when the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation," if the district court so certifies first. *Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 66 n.7 (2d Cir. 2009). Once the district court certifies the order, any issue included within the order may be reviewed by this Court. *See Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004).

## ARGUMENT

Two district judges in this Circuit agree on the urgent and compelling need for this Court's guidance concerning the intern test. The issues raised are novel, complex, and rapidly growing in importance, as wage-and-hour cases filed by unpaid interns mount in the trial courts of this Circuit and elsewhere. All of the factors required by Section 1292(b) are plainly and unambiguously satisfied.

The interns in *Hearst* are represented by the same counsel as the interns here. Remarkably, though, the very counsel that are *opposing* Section 1292(b) review here (and in the district court below) are *seeking* it in *Hearst*. Throughout the litigation below, opposing counsel has been incapable of explaining its starkly

10

inconsistent positions, except as a reflection of pure expediency and perhaps the obvious (*i.e.*, their clients got the order they wanted here, but not the order their clients wanted in *Hearst*).  Counsel's position in *Hearst*, as well as the two district courts' findings that interlocutory review is necessary, is the correct one:  *both* orders should be accepted for interlocutory review by this Court.

## I.    THE CERTIFICATION ORDER MERITS REVIEW BECAUSE THERE IS A DEEP CONFLICT ABOUT THE TEST FOR DECIDING WHETHER AN INTERN EVER QUALIFIES AS AN EMPLOYEE

### A.    Whether An Intern Should Be Deemed An Employee For FLSA Purposes Is The "Primary Issue" In This Case

This Court has held that a question of law is "controlling" if reversal of the district court's order would terminate the action.  *Klinghoffer v. S.N.C. Achile Lauro*, 921 F.2d 21, 24 (2d Cir. 1990); *see also Ret. Bd. of Policemen's Annuity Fund & Benefit Fund v. Bank of N.Y. Mellon*, No. 11-cv-5459, 2013 WL 593766, at *5 (S.D.N.Y. Feb. 14, 2013) (holding more broadly that a question is controlling where it could "significantly affect the conduct of the action").  That standard is amply satisfied here.  As the district court held when it certified the Collective Order, the test for determining whether an intern qualifies as an employee is the "primary issue" in determining Fox's liability, "permeat[ing]" the case, including the propriety of the class and collective certifications.  (Certification Order at 3-4.)

Furthermore, while a question need not affect other cases in order to be controlling, the scope of its impact weighs significantly in that assessment.

11

*Klinghoffer*, 921 F.2d at 24. Over a *dozen* FLSA cases involving unpaid interns are pending in the New York courts, and the answer to the question raised in this petition "affects all of them." (Certification Order at 4.) The *Hearst* court, reacting to the deluge of pending unpaid intern cases, reached precisely the same conclusion. (*Hearst II* at A125.) In short, a decision from this Court as to the correct standard for determining whether and when interns may qualify as employees would fundamentally affect all of the pending actions in the Circuit, and likely many more that have yet to be filed.

### B.    Courts Have Announced Inconsistent Standards For The Intern Test, Even In The Very Same District

The lack of higher guidance on this controlling question of law has resulted in deep fractures both among the circuits and within them – including this Circuit. The most recent Supreme Court instruction on the issue came over sixty years ago, in *Walling*, and courts have struggled since then to articulate a workable standard for identifying whether interns are employees. The result is a welter of inconsistent and incompatible standards.

For example, the Eleventh Circuit applies an "economic realities" test, which compares the economic value conferred by the intern on the company to that received by the intern himself. *Kaplan v. Code Blue Billing & Coding Inc.*, 504 F. App'x 831 (11th Cir. 2013), *petition for cert. filed* (U.S. Aug. 7, 2013) (No. 13-179). The Fourth, Sixth, and Eighth Circuits' view is similar; they have each

12

concluded that "the proper approach for determining whether an employment relationship exists in the context of a training or learning situation is to ascertain which party derives the primary benefit from the relationship." *Solis*, 642 F.3d at 529; *see also Blair*, 420 F.3d at 829; *McLaughlin*, 877 F.2d at 1200.   The Tenth Circuit resolves the question differently, considering a long list of factors (including the DOL's six-factor test), to judge the "totality of the circumstances." *Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023, 1026-27 (10th Cir. 1993).  No two of these tests would necessarily produce the same answer on liability if applied to the same facts.  And no two would necessarily produce the same answer on commonality.

The Circuits' views of the DOL's non-binding, six-factor test – which the district court here adopted wholesale – are also highly divergent.  Some Circuits have held that the factors are not owed deference at all.  *See Solis*, 642 F.3d at 525 (holding that the six factors were "a poor method for determining employee status in a training or educational setting"); *McLaughlin*, 877 F.2d at 1209-20 n.2 (declining to rely on the DOL six-factor test).  Others incorporate the DOL factors, but to varying degrees.  *See Reich*, 992 F.2d at 1026-27 (considering factors including but not limited to the DOL factors); *Kaplan*, 504 F. App'x 831 at 834-35 (taking the DOL factors into account but considering others more compelling).

13

As described above, because this Court has not yet addressed this issue, the district courts in the Second Circuit are in sharp conflict over what the correct legal standard is. *Hearst* determined that a "key factor" in a totality-of-the-circumstances analysis is who the "primary beneficiary" of the internship was. (*Hearst I* at A42) (*quoting Velez v. Sanchez*, 693 F.3d 308, 330 (2d Cir. 2012)). The court below flatly rejected that test as "subjective," "unpredictable," and "unmanageable," instead adopting the DOL's six-factor test to the exclusion of other considerations. (Collective Order at A22.)

The views of these two courts are diametrically opposed. It is certain that whenever this Court reviews the two decisions on appeal, one (and perhaps both) will be held incorrect and need to be reversed. The only question is whether this Court's guidance will come now or after both litigations are complete. Because the district courts are in agreement that this question "permeates" both matters, this Court's guidance should come now. *See, e.g., Shipping Corp. of India*, 585 F.3d at 66 (reviewing decision on interlocutory basis where there were differing opinions within the Southern District of New York).

Indeed, there is compelling reason to believe that this Court will reverse the district court in this case and adopt the same or a substantially similar standard to the one articulated in *Hearst*. Significantly, this Court recently considered the test for when a domestic worker is an "employee" under the FLSA. *See Velez*, 693

14

F.3d 308.  In outlining the factors to weigh as part of a totality-of-the-circumstances analysis, the Court noted that courts should consider who is the "primary recipient of benefits" from the relationship, explaining that "*[t]his is the approach taken by courts determining if trainees and students providing services as part of their education are also employees*."  *Id.* at 328-31 (emphasis added).

The discord in this Circuit, and among others, demonstrates beyond doubt the substantial ground for difference of opinion.  As each new decision will exacerbate the uncertainty for courts, litigants, and entities and individuals who wish to partake in lawful internship programs, this Court's guidance is urgently needed now.

### C.    An Immediate Appeal Will Advance The Ultimate Termination Of This Litigation And Promote Judicial Economy

An immediate appeal will accelerate the disposition of this action and promote efficiency because virtually every major ruling in this case turns on the intern test.  As the district court noted, the appropriate standard will affect (1) class certification; (2) certification of the FLSA collective action; (3) summary judgment granted in favor of Glatt and Footman; and (4) the anticipated summary judgment motions for additional plaintiffs, the NYLL class, and the FLSA collective.  (Certification Order at 5.)  More crucially, use of the *wrong* standard risks having certification decisions, summary decisions on liability, or even full-blown trials reversed on appeal.

For all of the foregoing reasons, the question of what standard applies in determining whether an unpaid intern is an employee satisfies the requirements of Section 1292(b) and deserves this Court's immediate attention.

## II.    THE STANDARD FOR POST-DISCOVERY FLSA CERTIFICATION WARRANTS IMMEDIATE REVIEW

Once a district court certifies an order for Section 1292(b) interlocutory review, any issue fairly encompassed within that order may be considered by the appellate court. *See Cal. Pub. Emps. Ret. Sys.*, 368 F.3d at 95.  Hence, although the district court stated that the question concerning the standard for post-discovery FLSA certification did not satisfy one of the three Section 1292(b) criteria, that is no obstacle to this Court's review of that question. *Id*.  Fox urges this Court to review this question as well.

As explained next, the district court was mistaken in its assessment.  That issue is by definition a controlling question of law.  It is a subject of uncertainty among the courts that has generated and will generate substantial differences of opinion; and its resolution will accelerate the overall course and ultimate termination of this litigation and others like it.

### A.    The Legal Standard That Applies To Post-Discovery FLSA Certification Is A Controlling Question Of Law

The legal standards for certification are by definition controlling questions of law, as the issue of whether a given litigation will proceed on a representative

basis affects every part of the conduct of the case. *See, e.g., Sperry Rand Corp. v. Larson*, 554 F.2d 868, 871 n. 3 (8th Cir. 1977). Indeed, as the Supreme Court has recognized, "[a] district court's ruling on the certification issue is often the most significant decision rendered" in class proceedings. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).

The Second Circuit has not addressed this issue. The district court found that nothing turned on the standard for post-discovery certification because even if the court applied the more stringent Rule 23 criteria, it had already determined that those requirements for class certification were met. But that was erroneous. As set forth in Fox's Rule 23(f) petition (pending before this Court), the requirements of commonality and predominance were decidedly not met for the Rule 23 class the district court certified. Indeed, the class and the collective are so defective that they would not have satisfied looser standards. In short, a clearly-articulated standard by this Court for collective, post-discovery certification under the FLSA will be dispositive and will control the course of this litigation (affecting certification, notice, summary judgment, and trial), as well as other cases pending in this Circuit.

17

**B.   This Court Has Not Yet Resolved The Standard For Certification Of An FLSA Collective Action, And The Courts Have Applied Highly Dissimilar Tests**

This Court has acknowledged that it has "not yet provided clear guidance" on the standard for certification of a collective action under the FLSA – whether or not discovery has been completed.  *Myers*, 624 F.3d at 554-55.  The level of scrutiny that courts should apply in making a determination at the second, post-discovery stage is thus unresolved, and the question is "difficult and of first impression."  *See Klinghoffer*, 921 F.2d at 25; *Shipping Corp. of India*, 585 F.3d at 66.

There are already many divergent views on this issue.  Notably, the district court below ignored *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012), in which the Third Circuit pointed to a great number of factors that bear on whether plaintiffs are "similarly situated," and decided that plaintiffs must prove their entitlement to certification by a preponderance of the evidence.  *Id*. at 534, 537.  On the other hand, the Seventh Circuit recently took a different approach from that in *Zavala* and held that that "there isn't a good reason to have different standards" for the certification of collective actions under the FLSA and class actions under Rule 23, suggesting a stricter standard for both but not directly addressing the "similarly-situated" question.  *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 722 (7th Cir. 2013).  Underscoring this uncertainty is the plethora of

18

district courts that cannot agree on this issue, either. *See, e.g., McClean v. Health Sys.*, No. 11-cv-03037, 2011 WL 6153091, at *10-11 (W.D. Mo. Dec. 12, 2011) (collecting various district court standards).

The district courts within this Circuit also do not agree. Some, like the court below, rely on the three factors in the unpublished *Torres* decision. But even those courts disagree as to *how* those factors should be applied. *Torres* itself appears to require that all three factors (*i.e.* disparate factual and employment settings; various defenses that appear to be individual to each plaintiff; and fairness and procedural considerations) weigh in favor of certification. *See* 2006 WL 2819730, at *11. Another court in this Circuit, by contrast, granted conditional certification even though it found that the second factor did "not heavily weigh one way or the other." *Perkins v. S. New Engl. Tel. Co.*, 669 F. Supp. 2d 212, 222 (D. Conn. 2009). A lack of guidance from this Court has generated (and will continue to generate) differences of opinion that not only affect this matter but the many cases filed within this Circuit following Judge Pauley's decision. If the Second Circuit does not address the issue now, the risk is great that district courts will continue to generate multiple, conflicting standards, leading to piecemeal appeals and litigation.

**C.**    **An Immediate Appeal Will Advance The Termination Of The Litigation**

This Court's guidance on the standard that applies to certification at the post-discovery stage will provide doctrinal clarity and advance judicial economy, as it will either accelerate or obviate forthcoming phases of this litigation. Whether this case proceeds on an individual or collective basis will affect every such stage, including the issuance of class notice, motion practice, discovery concerning damages and willfulness, trial, and appeals.

Accordingly, all three statutory factors favor certification.

## CONCLUSION

For the foregoing reasons, Fox respectfully requests that the Court grant its petition for an immediate appeal.

Dated:    New York, New York
          September 27, 2013

PROSKAUER ROSE LLP

By:  *s/ Elise M. Bloom*
Elise M. Bloom
Mark D. Harris
Amy F. Melican
Eleven Times Square
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Petitioners*

**ADDENDUM**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                          :
ERIC GLATT, *et al.*,                                     :        11 Civ. 6784 (WHP)
                                                          :
                          Plaintiffs,                     :
                                                          :        MEMORANDUM & ORDER
             -against-                                    :
                                                          :
FOX SEARCHLIGHT PICTURES                                  :
INC., *et ano.*,                                          :
                                                          :
                          Defendants                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

   Defendants move to certify this Court's June 11, 2013 order for immediate appeal

and to stay the action.  For the following reasons, Defendants' motion to certify for immediate

appeal is granted and Defendants' motion to stay is denied.

I. Background

   Plaintiffs are former unpaid interns who bring this action on behalf of themselves

and a class of former interns alleging violations of the Fair Labor Standards Act (FLSA) and

New York Labor Law (NYLL).  On June 11, 2013, this Court granted summary judgment on

liability for Plaintiffs Alexander Glatt and Eric Footman, certified a class under Rule 23 alleging

NYLL violations, and conditionally certified an FLSA collective action.  In doing so, this Court

adopted the Department of Labor's (DOL) six-factor test for determining whether workers were

"trainees" exempt from the FLSA and NYLL and rejected Defendants' proposed "primary

beneficiary" test.  This Court also applied the three-factor test established in Torres v. Gristede's

Operating Corp., 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006), for conditionally certifying an

FLSA collective action after discovery.

This Court's decision conflicts with Wang v. Hearst Corp., --- F.R.D. ---, 2013 WL 1903787 (S.D.N.Y. May 8, 2013) ("Wang I").  There, Judge Baer concluded that the determination of whether interns are "employees" under the FLSA and NYLL is not limited to the six DOL factors but depends on the "totality of the circumstances," including "who is the primary recipient of benefits from the relationship."  Wang I, 2013 WL 1903787, at *4-5 (quoting Velez v. Sanchez, 693 F.3d 308, 326, 330 (2d Cir. 2012)).  Judge Baer certified that decision for immediate appeal.  Wang v. Hearst Corp., 2013 WL 3326650 (S.D.N.Y. June 27, 2013) ("Wang II").  The Second Circuit has yet to decide whether to take the appeal.

II.    Immediate Appeal

    A.   Legal Standard

    28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> [1] such order involves a controlling question of law [2] as to
> which there is substantial ground for difference of opinion and [3]
> that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing
> in such order.

"The criteria are conjunctive, not disjunctive.  The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court."  Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006) (internal quotation marks omitted) (quoting Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)).

"Interlocutory appeals are strongly disfavored in federal practice.  Movants

cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010) (internal quotations omitted). "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record.' Congress also sought to assure the prompt resolution of knotty legal problems." Weber v. United States, 484 F.3d 154, 159 (2d Cir. 2007) (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 864 (2d Cir. 1996)) (alterations and omission in original).

B. The Standard for Determining Whether an Intern is an Employee Covered by the FLSA and NYLL

1. Controlling Question of Law

"In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). The standard for determining whether an unpaid intern is an "employee" covered by the FLSA and the NYLL is a controlling question of law because application of a standard different from the one adopted by this Court could result in the reversal of a final judgment. It is the primary issue in determining Defendants' liability. And application of a different standard, "even though not resulting in dismissal, could significantly affect the conduct of the action." Ret. Bd. of Policemen's Annuity Fund & Benefit Fund v. Bank of N.Y. Mellon,

-3-

2013 WL 593766, at *5 (S.D.N.Y. Feb. 14, 2013) (quoting <u>Primavera</u>, 139 F. Supp. 2d at 570). The standard permeates the case, affecting liability as well as the propriety of certifying a class action and an FLSA collective action.

And though an issue need not affect a large number of cases to be "controlling," "the impact that an appeal will have on other cases is a factor that we may take into account" in deciding the issue. <u>Klinghoffer v. S.N.C. Achile Lauro</u>, 921 F.2d 21, 24 (2d Cir. 1990). Several intern cases have been filed in the Southern District of New York since this Court's June 11 order, and this issue affects all of them. Judge Baer also recently found this to be a controlling question of law suitable for certification. <u>Wang II</u>, 2013 WL 3326650, at *2.

### 2.  Substantial Ground for Difference of Opinion

The Second Circuit has not spoken on this issue. Judge Baer found there was substantial ground for difference of opinion, because "[d]espite careful analysis" in both <u>Glatt</u> and <u>Wang</u>, "the District Courts reached very different results." <u>Wang II</u>, 2013 WL 3326650, at *2. A number of other circuits have adopted the "primary benefit" test Defendants advocated here. <u>See, e.g.</u>, <u>Solis v. Laurelbrook Sanitarium & Sch., Inc.</u>, 642 F.3d 518, 525 (6th Cir. 2011); <u>Blair v. Wills</u>, 420 F.3d 823, 829 (8th Cir. 2005); <u>McLaughlin v. Ensley</u>, 877 F.2d 1207, 1209 (4th Cir. 1989). Another circuit has found the DOL factors to be relevant but not conclusive. <u>Reich v. Parker Fire Protection Dist.</u>, 992 F.2d 1023, 1025-26 (10th Cir. 1993).

Certification is appropriate where the "issues impact a large number of cases, and they present substantial grounds for difference of opinion." <u>Geron v. Robinson & Cole LLP</u>, 476 B.R. 732, 745 (S.D.N.Y. 2012). The intra-district split and decisions from other circuits clearly show a substantial basis exists for difference of opinion.

3.  Advancement of the Ultimate Termination of the Litigation

The appropriate standard affects class certification; certification of the FLSA collective action; summary judgment granted in favor of Glatt and Footman; and anticipated summary judgment motions for additional plaintiffs, the NYLL class, and the FLSA collective. Use of a different standard may obviate some of these steps, require decertification of the class or collective action, or simplify the issues for trial. Resolving this question now also avoids the possibility that a post-trial appeal would require a new trial applying a different standard. An immediate appeal therefore is likely to advance the ultimate termination of the litigation.

C.  The Standard for Conditional Certification of an FLSA
    Collective Action After Discovery

In conditionally certifying an FLSA collective action, this Court looked to the factors adopted in Torres, 2006 WL 2819730, at *9. Defendants argue the Plaintiffs had to meet a higher standard, noting that the Third Circuit has required those factors to be shown by a preponderance of the evidence, Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 537 (3d Cir. 2012), and that the Seventh Circuit has held that FLSA certification is akin to Rule 23 certification. Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 771-72 (7th Cir. 2013).[1]

However, application of a higher standard for conditional certification is not likely to advance the ultimate termination of this litigation. This Court found that Plaintiffs met the higher standard for Rule 23 certification of their NYLL claims. Defendants argue that the formation of Rule 23 classes and FLSA collective actions are completely distinct, but the cases cited refer to procedural differences between the two, primarily that a Rule 23 class is an opt-out

---

[1] Defendants also note that one district court in this circuit declined to follow Torres. See Gortat v. Capal Bros., Inc., 2010 WL 1423018, at *9 n.12 (E.D.N.Y. Apr. 9, 2010). However, the court there endorsed a more lenient standard, finding that heightened scrutiny is only appropriate after both discovery and the opt-in period are complete. Gortat, 2010 WL 1423018, at *9-10.

class while plaintiffs must opt in to an FLSA collective action. See Kern v. Siemens Corp., 393 F.3d 120, 128 (2d Cir. 2004); Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 263 (S.D.N.Y. 1997). Rule 23 classes therefore have heightened procedural requirements to protect absent class members. Hoffman, 982 F. Supp. at 263 n.17. Otherwise, both turn on similar considerations concerning the feasibility of plaintiffs proceeding collectively. The relevant provisions of the NYLL and FLSA are the same. Because Plaintiffs meet the standard for certifying a Rule 23 class alleging NYLL violations, they would also meet a higher FLSA collective action certification standard. Therefore resolution of the appropriate FLSA post-discovery certification standard would not advance the ultimate termination of the litigation.

III.    Stay

      The decision as to whether to stay proceedings pending interlocutory appeal is akin to a decision to enter a preliminary injunction. See In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3 (D.D.C. 2002). "In deciding whether to grant a stay pending appeal, a court should consider: '(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.'" Daniels v. City of N.Y., 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001) (quoting LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir. 1994)).

      A stay is inappropriate here because the only "irreparable harm" identified by Defendants is the cost of continuing to litigate this action. However, it is well established that "litigation costs do not rise to the level of irreparable injury." Daniels, 138 F. Supp. 2d at 564 (quoting Hammerman v. Peacock, 623 F. Supp. 719, 721 (D.D.C. 1985)); see also Sampson v.

Murray, 415 U.S. 61, 90 (1974).  Defendants also argue that issuing notice to the class or

collective that may later require revision may confuse class and collective action members.  But

this is not an injury to the Defendants.  Even if Defendants made a showing that notice should be

deferred, it does not warrant the more drastic step of a total stay of the proceeding.

Moreover, a stay would not be in the public interest.  Defendants argue a stay

would free up this Court's resources, but that is true of every case.  And it would do so at the

expense of delaying Plaintiffs' rights to pursue this action.  Defendants also argue a stay is in the

public interest because of uncertainty over the lawfulness of unpaid internship programs.  But

that is precisely why this action should proceed.  A stay is against the public interest where

"[p]laintiffs are litigating a controversial matter of serious public concern."  Daniels, 138 F.

Supp. 2d at 565.  Should the Second Circuit decide to hear Defendants' appeals, a stay would not

resolve those appeals any sooner.  And if the Second Circuit declines the appeals, a stay will

only have delayed the time until Defendants have a final judgment they can appeal.

## CONCLUSION

This Court's June 11, 2013 order is certified for immediate appeal under 28

U.S.C. § 1292(b).  Defendants' motion to stay is denied.  The Clerk of Court is directed to

terminate the motions pending at Docket Nos. 178 and 181.

Dated: September 17, 2013
     New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

-7-

*Counsel of Record:*

Adam T. Klein, Esq.
Rachel M. Bien, Esq.
Jennifer L. Liu, Esq.
Juno E. Turner, Esq.
Sally J. Abrahamson, Esq.
Justin M. Swartz, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
*Counsel for Plaintiffs*

Elise M. Bloom, Esq.
Amy F. Melican, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY 10036
*Counsel for Defendants*